1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **John Leonard Harris,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-09-2058-PHX-JAT (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 30, 2009 (Doc. 1). On February 26, 2010, Respondents filed their Answer (Doc. 11), asserting a statute of limitations and procedural default/procedural bar defenses. Petitioner filed a Reply on March 26, 2010 (Doc. 12).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On January 6, 2003, Petitioner was indicted in the Maricopa County Superior Court on 4 counts of molestation of a child, three counts of sexual conduct with a minor, and two counts of sexual abuse, arising out of Petitioner's sexual conduct with his girlfriend's 11 year old daughter over a two week period. (Exhibit C, Indictment; Exhibit B, Presentence

1  Investigation)  (Exhibits to the Answer (Doc. 11) are referenced herein as "Exhibit ___.")[1]

2  Petitioner entered into a written Plea Agreement (Exhibit D) wherein he agreed to

3  plead to one count of molestation and one count of attempted molestation.  Petitioner

4  subsequently pled guilty and on June 20, 2003 was sentenced to 19 years in prison on the

5  molestation count, and lifetime probation on the attempted molestation count.  (Exhibit E,

6  Sentence 6/20/03.)

7

8  **B.  PROCEEDINGS ON DIRECT APPEAL**

9  Having pled guilty, Petitioner had no right under Arizona law to a direct appeal.

10

11  **C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

12  On June 26, 2003, Petitioner filed his first Notice of Post-Conviction Relief (Exhibit

13  F).   Counsel was appointed, but subsequently filed a "Notice of Completion of Post-

14  Conviction Review by Counsel; Request for 45-Day Extension of Time to Allow Defendant

15  to File *Pro Per* Petition for Post Conviction Relief" (Exhibit G).  On February 17, 2004,

16  counsel's motion was granted, counsel was directed to remain in an advisory capacity, and

17  Petitioner was given 45 days to file a *pro per* petition for post-conviction relief.  (Exhibit H,

18  M.E. 2/17/04.)  Petitioner failed to do so, and 56 days later, on April 14, 2004, Petitioner's

19  PCR proceeding was dismissed.  (Exhibit I, M.E. 4/14/04.)

20  Petitioner did not seek further review.  (Petition, Doc. 1 at 6.)

21

22  **D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

23  Almost four years later, on April 4, 2008, Petitioner filed his second Notice of Post-

24  Conviction Relief (Exhibit J), arguing: (1)  his plea was not voluntary because entered under

25  duress and coercion; (2) his sentence was improperly enhanced in violation of *Blakely v.*

26  _____

27  [1]  Petitioner appends to his Petition (Doc. 1) Reply (Doc. 12) copies of some of the
same exhibits appended to the Answer (Doc. 11).  Petitioner points to no differences in the
28  exhibits.  For simplicity, the undersigned references only the latter.

1  *Washington,* 542 U.S. 296 (2004) (right to jury trial on facts increasing maximum sentence)

2  *Cunningham v. California*, 549 U.S. 270 (2007) (applying *Blakely* to California's

3  determinate sentencing law) etc.; (3) the state had suppressed unspecified exculpatory

4  evidence; (4) he received ineffective assistance of counsel; and (5) his sentence was cruel and

5  unusual.   On June 5, 2008, Petitioner's PCR proceeding was summarily dismissed as

6  untimely, his claims were precluded because not raised earlier, and *Blakely et al.* were not

7  retroactively applicable on collateral review.  (Exhibit I, M.E. 4/14/04.)

8      Petitioner filed a Petition for Review (Exhibit K), repeating his claims.  On September

9  15, 2009, the Arizona Court of Appeals summarily denied review.  (Exhibit M, Order

10 9/15/09.)  Petitioner did not seek review by the Arizona Supreme Court.  (Petition, Doc. 1

11 at 5.)

12

13 **E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

14     **Petition** - Petitioner commenced the current case by filing his Petition for Writ of

15 Habeas Corpus pursuant to 28 U.S.C. § 2254, dated September 30, 2009, on September 30,

16 2009 (Doc. 1).  Petitioner's Petition asserts the following three grounds for relief:

17          (1)     violation of his federal due process and double jeopardy rights because he

18                  received multiple consecutive sentences;

19          (2)     violation of his federal due process rights and ineffective assistance of counsel

20                  in connection with his decision to plead guilty; the judge sentenced him to 19

21                  years rather than 10 years; and absent a jury finding of guilt beyond a

22                  reasonable doubt; and

23          (3)     violation of his federal due process and equal protection rights based on the

24                  State's failure to disclose exculpatory evidence, such as the victim's capacity

25                  to consent to sexual advances and DNA evidence, and selective prosecution

26                  of sexual offenders.

27     Service and a response was ordered on November 18, 2009 (Doc. 4).

28     **Response** - On February 26, 2010, Respondents filed their Response ("Answer")

1  (Doc. 11).   Respondents argue that the petition is untimely, barred by the statute of

2  limitations, and Petitioner's claims were procedurally barred in his second PCR proceeding.[2]

3       **Reply** - On March 26, 2010, Petitioner filed a Reply (Doc. 12).   Petitioner argues that

4  AEDPA's statute of limitations is an unconstitutional suspension of the writ of habeas

5  corpus, and that he properly exhausted his claims.

6

7                          **III. APPLICATION OF LAW TO FACTS**

8  **A.  TIMELINESS**

9  **1.   One Year Limitations Period**

10      Respondents  assert  that  Petitioner's  Petition  is  untimely.    As  part  of  the

11  Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a

12  1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

13  28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C.

14  § 2244(d).   Petitions filed beyond the one year limitations period are barred and must be

15  dismissed.  28 U.S.C. § 2244(d)(1).

16

17  **2.  Commencement of Limitations Period**

18      **Conviction Final** - The one-year statute of limitations on habeas petitions generally

19  begins to run on "the date on which the judgment became final by conclusion of direct review

20  or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

21      For an Arizona noncapital pleading defendant, the conviction becomes "final" at the

22  conclusion of the first "of-right" post-conviction proceeding under Rule 32. *See Summers v.*

23  _____

24      [2] Respondents cast their response in terms of "procedural default" but assert the actual
    application of a "procedural bar" by the state courts.   There is a distinct but related nature
25  between the concepts of exhaustion and procedural default on the one hand, and  the
    "adequate and independent state procedural grounds" doctrine and procedural bar on the
26  other.  *See Coleman v. Thompson*, 501 U.S. 722, 729-732 (1991).  In the latter, it is a "state
    judgment" that is being treated with comity, *id.* at 730, while the exhaustion doctrine is a
27  matter of treating the state courts themselves with comity by allowing them "the first
28  opportunity" to address the federal claim, *id.* at 731.

                                         - 4 -

1    *Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32,

2    a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of

3    conviction and sentencing in that court, notice of his or her intent to file a Petition for

4    Post-Conviction Review." *Summers*, 481 F.3d at 715 (citing Ariz. R.Crim. P. 32.4(a)).

5           Here, Petitioner's first PCR proceeding was an "of-right" post-conviction proceeding.

6    Petitioner was convicted upon a plea of guilty on June 20, 2003. (Exhibit E, Sentence.) His

7    first PCR notice (Exhibit F) was filed 6 days later, on June 26, 2003. Thus, Petitioner's

8    direct review ended and his conviction became "final" when his first PCR proceeding

9    concluded. That occurred 30 days after the April 14, 2004 dismissal of Petitioner's PCR

10   proceeding (Exhibit I, M.E. 4/14/04), when Petitioner's time to seek review of that dismissal

11   expired. Ariz. R. Crim. P.  32.9(c) ("[w]ithin thirty days after the final decision of the trial

12   court").

13          Thus, barring any tolling, Petitioner's one year began to run after May 14, 2004, and

14   would have expired on May 14, 2005.

15          **<u>New Claims</u>** - While the finality of the conviction is the normal commencement date

16   for the habeas limitations period, the statute does provide an exception for changes in the

17   law.  Section 2244(d)(1)(C) provides that the period can run from "the date on which the

18   constitutional right asserted was initially recognized by the Supreme Court, if the right has

19   been newly recognized by the Supreme Court and made retroactively applicable to cases on

20   collateral review."

21          The Petition alleges that Petitioner's sentences were imposed in violation of *Blakely*

22   *v. Washington,* 542 U.S. 296 (2004), which was not decided until June 24, 2004, after

23   Petitioner's conviction became final.  *Blakey* was derived from the Court's holding in

24   *Apprendi v. New Jersey,*530 U.S. 466 (2000).  In *Apprendi*, the Supreme Court held that,

25   with the exception of prior convictions, any fact which increases the maximum possible

26   punishment must be determined by the jury and not a judge.  In *Blakely*, the Supreme Court

27   applied *Apprendi* to a state sentencing guidelines system, and found that the Washington

28   state sentencing scheme violated the defendant's right to a jury because a judge determined

questions of fact necessary to the application of a sentencing enhancement. *Cunningham* simply applied *Blakely* to California's sentencing laws, and did not create any new constitutional rights.  549 U.S. 270.

Here, Petitioner's conviction became final on May 14, 2004, when the time for review on his of-right PCR proceeding expired.  This was long after the June 26, 2000 decision in *Apprendi* and before the 2004 decision in *Blakely* and 2007 decision in *Cunningham*. Because *Cunningham* did not establish a new constitutional right, but merely applied *Blakely* to California's law, it does not affect Petitioner's limitations period  Because Petitioner's conviction was final long after *Apprendi*, Petitioner's reliance on that case does not affect his limitations period.   Because it was before *Blakely*, it *could* serve to provide a later commencement date, but only if *Blakely* has been "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

In *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that *Apprendi* was not retroactively applicable on habeas review, under the retroactivity standards established by *Teague v. Lane,* 489 U.S. 288, 308-310 (1989) (decisions establishing new rules of criminal procedure are not to be applied retroactively on habeas review, absent certain circumstances).    Similarly, in *Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004), the Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively applicable on habeas.

Therefore, based upon *Rees* and *Cook*, Petitioner's claims under *Blakely* and its progeny are not retroactively cognizable on habeas, and thus he is not entitled to the delayed commencement date under section 2244(d)(1)(C).

**Newly Discovered Evidence** - Section 2244(d)(1)(D) also provides an alternative commencement date of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.  At times, a

petitioner will attempt to point to his discovery of evidence to support his claim as the relevant time to begin the statute of limitations.  In such cases, an attempt by Petitioner to rely on section 2244(d)(1)(D) would conflate knowledge of the "factual predicate" of a claim with the development of sufficient evidentiary support to prove the claim. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir.1998) (receipt of trial counsel's affidavit irrelevant where knowledge of facts supporting claim ineffectiveness previously known to defendant).

Here, Petitioner suggests in his Ground Three for relief that there may have been exculpatory evidence which could have been developed by competent counsel or otherwise, *e.g.* DNA evidence, evidence of capacity to consent, or evidence of selective prosecution. (Petition, Doc. 1 at 8.)  However, Petitioner does not assert that he has in fact discovered such evidence.  His conjecture is not sufficient to trigger section 2244(d)(1)(D).

**Summary** - Petitioner's one year limitations period began running on May 15, 2004, and expired on May 14, 2005.


**3.  Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application.  The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*,  167 F.3d 1321, 1323 (10th Cir.1999)).  *See also Carey v. Saffold,* 536 U.S. 214, 217 (2002).

However, once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   By the time

1  Petitioner filed his second PCR notice (Exhibit K) on June 5, 2008, his limitations period had

2  been expired for over three years.

3      Moreover, only "properly filed" post-conviction applications count. In *Pace v.*

4  *DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court made clear that a petition which is

5  rejected on timeliness grounds is not "properly filed."   Accordingly, the rejection of

6  Petitioner's second PCR proceeding on timeliness grounds precludes this Court from

7  applying statutory tolling on the basis of its pendency.

8

9  **4.  Equitable Tolling**

10      "Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available

11  in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make

12  it impossible to file a petition on time' and 'the extraordinary circumstances were the cause

13  of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

14          To receive equitable tolling, [t]he petitioner must establish two
            elements: (1) that he has been pursuing his rights diligently, and (2) that
15          some extraordinary circumstances stood in his way. The petitioner must
            additionally show that the extraordinary circumstances were the cause
16          of his untimeliness, and that the extraordinary circumstances ma[de] it
            impossible to file a petition on time.

17  *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations

18  omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is

19  very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066

20  (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

21      Petitioner proffers nothing to explain his failure to file his habeas petition during the

22  limitations period. The undersigned finds no grounds for equitable tolling.

23

24  **5.  Timeliness of Federal Habeas Petition**

25      Petitioner's conviction became final on May 14, 2004 upon conclusion of his "of

26  right" PCR proceeding.  His one year began running May 15, 2004, and expired May 14,

27  2005.  His second PCR proceeding did not revive the limitations period, and his September

28

- 8 -

1   30, 2009 Petition is untimely and barred by the statute of limitations.

2

3   **6.  Suspension of the Writ**

4            Petitioner does not dispute his petition is untimely, but argues that all of this is

5   irrelevant because the habeas limitations period is an unconstitutional suspension of the writ

6   of habeas corpus.  (Reply, Doc. 12 at 6-7.)  That argument has been disposed of long ago.

7                    Green contends that the one-year time limitation of AEDPA
                 unconstitutionally suspends the writ of habeas corpus. We disagree.

8                    The one-year limitations period violates the Suspension Clause
                 if it renders the remedy of habeas corpus "inadequate or ineffective."

9                 We join the other circuits that have considered this issue and hold that
                 AEDPA's one-year limitation does not constitute a *per se* violation of

10               the Suspension Clause.

11   *Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000).[3]

12

13   **B.  PROCEDURAL DEFAULT/PROCEDURAL BAR**

14            Because the undersigned finds Petitioner's Petition clearly barred by the statute of

15   limitations, Respondents' claims of procedural default and/or procedural bar are not reached.

16

17            **IV.  CERTIFICATE OF APPEALABILITY**

18            **Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in

19   habeas cases the "district court must issue or deny a certificate of appealability when it enters

20   a final order adverse to the applicant."  Such certificates are required in cases concerning

21   detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C.

22   § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

23            Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention

24   pursuant to a State court judgment.   The recommendations if accepted will result in

25

26            [3] In the section of his Petition related to timeliness, Petitioner argues that he did not

27   have sufficient notice of state court procedures for them to be an independent and adequate
     state bar.  (Doc. 1 at 11.)  While that might preclude a finding of procedural bar, which the

28   undersigned does not reach, it does not affect the timeliness of Petitioner's Petition.

Petitioner's Petition being  resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."  Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

# V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 30, 2009 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

1

## V. EFFECT OF RECOMMENDATION

2    This recommendation is not an order that is immediately appealable to the Ninth

3  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

4  *Appellate Procedure*, should not be filed until entry of the district court's judgment.

5    However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

6  have fourteen (14) days from the date of service of a copy of this recommendation within

7  which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

8  Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to

9  file a response to the objections.  Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise

10  permitted by the Court, an objection to a Report and Recommendation shall not exceed ten

11  (10) pages.  Failure to timely file objections to any findings or recommendations of the

12  Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

13  the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),

14  and will constitute a waiver of a party's right to appellate review of the findings of fact in an

15  order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*

16  *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

17

18  DATED: February 8, 2011                    _____

19                                                             JAY R. IRWIN
                                                               United States Magistrate Judge

20

21

22

23

24

25

26

27

28