**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Leonard Harris,         ) | No. CV-09-2058-PHX-JAT (JRI) |
| Petitioner,         ) | **ORDER** |
| vs.         ) | |
| Charles L. Ryan, et al.,         ) | |
| Respondents.         ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1). On February 8, 2011, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitations. (Doc. 14). On February 23, 2011, the Petitioner filed objections to the R&R. (Doc. 15).

**I. Legal Standard**

The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). When an objection or objections are made, a de novo review is required of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

1  Because Petitioner filed objections, the Court will review de novo the Magistrate Judge's
2  conclusion that the Petition in this case is barred by the statute of limitation.

## II. Statute of Limitations

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the Petitioner had one year from the date his conviction became final to file a petition for a writ of habeas corpus with this Court. (Doc. 14, 4:10-15). The Petitioner's conviction became final on May 14, 2004, thirty days after dismissal of his PCR proceeding at which time the Petitioner's right to appeal expired. (*Id.*, 5:7-12). Therefore, the Petitioner's Petition in this Court was due by May 14, 2005. The Petition was filed on September 30, 2009. (Doc. 1). The Court adopts the Magistrate Judge's finding calculating this date,[1] as neither party objects. Therefore, the Petition is untimely unless Petitioner is entitled to tolling of the statute of limitations until September 30, 2009.

### A. Statutory Tolling

By statute, the Petitioner is entitled to tolling during any period in which he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . pending." 28 U.S.C. § 2244(d)(2). As discussed above, statutory tolling ended on May 14, 2004, which is calculated as follows. The statute was tolled upon Petitioner's filing a Notice of Post-Conviction Relief on June 26, 2003. (Doc. 14, 2:12-13). Subsequently, Petitioner failed to file a petition for post-conviction relief within the required time and Petitioner's PCR proceeding was dismissed on April 14, 2004. (*Id.*, 2: 13-20). Therefore, the tolling period ended at that time and the AEDPA limitation period began thirty days later, on May 14, 2004, when Petitioner's time to appeal expired. (*Id.*). More than five years passed before Petitioner filed his Petition. (*Id.*, 3:14-16). The Court adopts the Magistrate Judge's findings on this issue, as neither party objects. Therefore, after considering statutory tolling, the Petition is still untimely.

---

[1] The Court's adoption of the Magistrate Judge's finding on this issue includes the finding that Petitioner's second Notice of Post-Conviction Relief was untimely and therefore not properly filed, rendering it non-applicable to tolling considerations.

- 2 -

**B. Equitable Tolling**

Next, the Court considers equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (finding AEDPA's statute of limitations subject to equitable tolling "in appropriate cases."). The Magistrate Judge concluded that equitable tolling was not available. (Doc. 14, 8:21-22). Petitioner objects to this conclusion.

Petitioner is entitled to equitable tolling only by demonstrating: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To justify equitable tolling, the Petitioner bears the burden of proving that he has been pursuing his rights diligently. *See id.* The facts or arguments that Petitioner offers to show a diligent pursuit of his rights between May 14, 2004 and September 30, 2009 consist only of a second Notice of Post-Conviction Relief, filed more than three years after his limitations period expired. (Doc. 14, 7:28-8:1-2).

To show extraordinary circumstances, Petitioner implies that he lacked knowledge of his claim — ineffective assistance of counsel — until he filed his second Notice of Post-Conviction Relief. (Doc. 15, 6:12-18). Petitioner alleges that his defense was prejudiced by ineffective assistance of counsel because Petitioner's attorney told him to expect a sentence of ten to thirteen years and that "lifetime probation was never mentioned to him as a possible sentence." (*Id.*, 8:25-9:2). Petitioner was, in fact, sentenced to nineteen years in prison and lifetime probation. (Doc. 14, 2:3-6). While Petitioner correctly points out that the statute of limitations on a claim of ineffective assistance of counsel begins to run upon discovery of the claim's factual predicate (*id.*, 6:13-18) (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001)), Petitioner's reliance on this point of law misconstrues its applicability to the instant case.

In *Hasan*, the court acknowledged that, while some facts supporting the claim were apparent at trial, much stronger support for the claim was discovered after the statute of limitations expired. *Hasan*, 254 F.3d at 1154-55. Here, in contrast, Petitioner knew that his actual sentence surpassed his expected sentence at the time the sentence was handed down.

1 Petitioner fails to offer any new information that remained undiscovered until the time of his
2 filing the second Notice of Post-Conviction Relief, which was dismissed as untimely.

3 Petitioner also suggests that his claim is not barred by any limitations period because
4 the issue of subject matter jurisdiction may be raised at any time and habeas corpus petitions
5 fall within federal subject matter jurisdiction. (Doc. 15, 7:17-19). Petitioner is correct that
6 this Court has subject matter jurisdiction over habeas petitions. And, this Court's *lack* of
7 subject matter jurisdiction may be raised at any time. Here, however, this Court has
8 jurisdiction over the underlying subject matter of the case and therefore any applicable statute
9 of limitations remains intact. Thus, the Court will apply the appropriate statute of limitations
10 to this case.

11 Because the Petitioner fails to meet his burden of proving that he has been pursuing
12 his rights diligently and that extraordinary circumstances prevented him from timely filing
13 his Petition, the Petitioner has failed to show that he is entitled to equitable tolling for the
14 approximately five years necessary for his Petition to be timely.

15 **III. Conclusion**

16 Because the Petitioner is not entitled to equitable tolling, the last date that he could
17 have timely filed his Petition was May 14, 2005. This Petition is therefore untimely.

18 Accordingly,

19 **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 14)
20 is **ACCEPTED**;

21 **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
22 (Doc. 1) is **DENIED**; and

23 **IT IS FURTHER ORDERED** that Objections (Doc. 15) are overruled, and the
24 Petition (Doc. 1) is **DISMISSED WITH PREJUDICE** because it is barred by the statute
25 of limitations and the Clerk of Court shall enter judgment accordingly.

26 / / /
27 / / /
28 / / /

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 19th day of April, 2011.

                                 James A. Teilborg
                                 United States District Judge